UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CR-88 CAS |
| | ) | |
| RUBEN GONZALES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This closed criminal matter is before the Court on defendant's pro se "Traverse Motion." This is the second time the Court has ruled on this motion. The Court vacated its prior order on this motion dated November 19, 2009 because of clerical error. See Orders dated November 19, 2009 [Doc. 38] and March 5, 2010 [Doc. 41].[1] The matter is now fully briefed, and the Court will deny defendant's motion for the following reasons.

On June 19, 2007, defendant was sentenced to a 120 month term of imprisonment and 5 years supervised release. Defendant pleaded guilty to one court of possession with the intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Defendant asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3553 (f)(1)-(5) and U.S.S.G. § 5C1.2(a). Section 3553(f) and § 5C1.2(a) set forth the predicate that a defendant must satisfy before the defendant is eligible for a "safety valve" reduction of his sentencing guideline level pursuant to § 2D1.1. In his motion, defendant states that he qualifies for the "safety valve"

---

[1] On July 2, 2009, defendant filed a motion titled "Motion Requesting That This Honorable Court Use Its Discretion and Reduce Petitioner's Sentence Pursuant to 18 U.S.C. 3553(f)," asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3553 (f)(1)-(5) and U.S.S.G. § 5C1.2(a). The instant "Traverse Motion" is merely a reply brief in support of that motion.

reduction because the presentence investigation report states that he "provided a truthful admission regarding his involvement in the instant offense."

In its response to defendant's motion, the government states that prior to sentencing, defendant was given the opportunity to truthfully and completely provide all information and evidence that he had concerning the offense. Defendant's counsel advised the government that the defendant would not engage in such an interview. The government states further that by the time of sentencing, the defendant had still not provided all the information and evidence the defendant had concerning the offense, and therefore did not satisfy that predicate by the time of sentencing. See 18 U.S.C. § 3553(f)(5); Gov't Resp. at ¶¶ 4-5; see also Tr. of Sentencing Hearing at 3-5 [Doc. 32] ("There's been no overture to us to have a meeting. We've never talked to him. He's never told us what happened."). He did not, therefore, qualify for the "safety valve" reduction. Nor did he attempt to provide such information in an attempt to induce the government to seek a reduction of his sentence pursuant to Federal Rule of Criminal Procedure 35 within a year of sentencing. See Gov't Resp. at ¶ 6.

Defendant is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2(A).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's pro se Motion Requesting that this Honorable Court Use Its Discretion and Reduce Petitioner's Sentence Pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a) and Traverse Motion are **DENIED**. [Docs. 35 and 42]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to defendant Ruben Gonzales, #33791-044, El Reno Federal Correctional Institution, P.O. Box 1500, El Reno, Oklahoma 73036.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of June, 2010.